### UNITED STATES v. CARDIFF.
#### No. C–4308.

United States District Court
E. D. Washington, S. D.

Jan. 23, 1951.

Harvey Erickson, U. S. Atty., Spokane, Wash., and Lloyd Wiehl, Asst. U. S. Atty., Yakima, Wash., for plaintiff.

John Lichty, Portland, Or., for defendant.

DRIVER, Chief Judge.

Defendant, Ira D. Cardiff, was charged by information with violation of the Federal Food, Drug, and Cosmetic Act,[1] hereinafter referred to as the Act, based on refusal of defendant to permit entry for purposes of inspection. The information alleges the following facts:

Defendant is the president of Washington Dehydrated Food Company, a Washington corporation, and the operator and custodian of a factory at Yakima, Washington which is owned by said corporation. The Yakima factory manufactures, processes, packs and holds food for introduction into interstate commerce.

On or about March 31, 1950 two inspectors of the United States Food and Drug Administration approached defendant and requested permission to enter and inspect the Yakima factory. The request was made at a reasonable time in accordance with the provisions of Section 704 of the Act, 21 U.S.C.A. § 374, by the inspectors, who were duly designated for such a purpose by the Administrator of the Federal Security Agency. The defendant refused to permit the inspectors to enter and inspect the building.

The defendant now moves to dismiss the information, contending (1) that the facts alleged charge no violation of the Act, inasmuch as the inspectors had not previously obtained consent of the corporation or its managing officer for such entry and inspection, and (2) that Congress could not constitutionally make it an offense for the owner or manager of premises to refuse permission to enter for the purpose of obtaining evidence for criminal prosecution against such owner or manager.

The relevant statutory provisions are as follows:

Sec. 301. "The following acts and the causing thereof are hereby prohibited:

\*    \*    \*    \*    \*    \*

"(f) The refusal to permit entry or inspection as authorized by section 704."[2]

Sec. 704. "For purposes of enforcement of this Act, officers or employees duly designated by the Administrator, *after first making request and obtaining permission of the owner, operator, or custodian thereof,* are authorized (1) to enter, at reason-

---

1.  21 U.S.C.A. § 301 et seq.

2.  21 U.S.C.A. § 331(f).

able times, any factory, warehouse, or establishment in which food, drugs, devices, or cosmetics are manufactured, processed, packed, or held, for introduction into interstate commerce or are held after such introduction, or to enter any vehicle being used to transport or hold such food, drugs, devices, or cosmetics in interstate commerce; and (2) to inspect, at reasonable times, such factory, warehouse, establishment, or vehicle and all pertinent equipment, finished and unfinished materials, containers, and labeling therein." [3]

Sec. 303. "(a) Any person who violates any of the provisions of section 301 shall be guilty of a misdemeanor * *." [4]

■ "The Federal Food, Drug, and Cosmetic Act rests upon the constitutional power resident in Congress to regulate interstate commerce. * * * To the end that the public health and safety might be advanced, it seeks to keep interstate channels free from deleterious, adulterated and misbranded articles of the specified types." U. S. v. Walsh, 331 U.S. 432, 67 S.Ct. 1283, 1284, 91 L.Ed. 1585. [5] The protection of the Fourth Amendment relative to unreasonable search and seizure is not violated by the Act. It is my opinion that the inspections must be made at reasonable times, but the right to inspect is necessary to carry out the purposes of the Act. Without it, there is no positive protection to the public.

■ I perceive no merit in defendant's contention, obviously based on the emphasized portions of Section 704 above, that refusal to permit entry and inspection is not punishable unless permission was first granted, or in other words, unless he granted permission and then changed his mind. The Congress had no such intention in enacting the law. What Congress did intend, I think, by providing for obtaining permission, Section 374, was an attempt to have the inspections made at reasonable times.

■ The constitutional questions are adequately answered in the government's supplemental brief, by analogy to the cases dealing with the production of corporate records, etc., as required by law. [6] In those cases it is made plain that the records can be subpoenaed and required even though there is no reason for issuance of a search warrant. It is, I believe, a fundamental rule that constitutional immunities from search are waived to a limited extent by those who engage in a business regulated by law. [7] And a corporation has not the same immunity from search as has a private individual. [8]

■ I have taken into consideration the fact that here the defendant is not a corporation, but a private individual. But an individual who is an officer of a corporation can not refuse to produce books and records of the corporation on grounds that they might incriminate him. Wilson v. U. S., 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771. And I feel that an individual who is an officer of a corporation can not refuse to permit entry for purposes of inspection under the Food, Drug, and Cosmetic Act, if the inspection is sought to be made at a reasonable time.

Defendant's motion to dismiss the information will be denied.

3. 21 U.S.C.A. § 374 (emphasis added).

4. 21 U.S.C.A. § 333(a).

5. See also U. S. v. Dotterweich, 320 U.S. 277, 280, 64 S.Ct. 134, 88 L.Ed. 48; U. S. v. Crescent-Kelvan Co., 3 Cir., 164 F.2d 582; McDermott v. Wisconsin, 228 U.S. 115, 33 S.Ct. 431, 57 L.Ed. 754; Hipolite Egg Co. v. U. S., 220 U.S. 45, 31 S.Ct. 364, 55 L.Ed. 364; Seven Cases v. U. S., 239 U.S. 510, 36 S.Ct. 190, 60 L.Ed. 411.

6. Fleming v. Montgomery Ward, 7 Cir., 114 F.2d 384, certiorari denied 311 U.S. 690, 61 S.Ct. 71, 85 L.Ed. 446; Bartlett-Frazier Co. v. Hyde, 7 Cir., 65 F.2d 350, certiorari denied Bartlett Frazier Co. v. Wallace, 290 U.S. 654, 54 S.Ct. 70, 78 L.Ed. 567.

7. Bowles v. Curtiss Candy Co., D.C., 55 F.Supp. 527, 531; 56 C.J. 1180, Sec. 64.

8. Hale v. Henkel, 201 U.S. 43, 74–77, 26 S.Ct. 370, 50 L.Ed. 652; Wilson v. U. S., 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771.