### UNITED STATES of America
### v.
### GNOME BAKERS, Inc., a corporation, and Frederick A. Dawn, an individual, Defendants.

United States District Court
S. D. New York.
Aug. 12, 1955.

J. Edward Lumbard, U. S. Atty., S. D. New York, for plaintiff, George S. Leisure, Jr., Asst. U. S. Atty., New York City, of counsel.

James G. Donovan, New York City, for defendants.

DIMOCK, District Judge.

Defendants move (1) to dismiss the information on the grounds that it and the statute which it charges defendants with having violated are so vague, indefi-

nite, uncertain and speculative as to render it void and (2) to suppress evidence on the grounds that the Food and Drug Administration failed to comply with and violated section 346 of title 21 of the United States Code and that the Food and Drug Administration failed to give defendants receipts for certain evidence which it "seized allegedly in interstate commerce."

This is a prosecution, by information in three counts, for violation of sections 331(a) and 333(a) of title 21 U.S.C., the Federal Food, Drug and Cosmetic Act. The information charges defendants with having caused to be introduced into interstate commerce, on three separate occasions, food, rolls, which was adulterated in that it consisted in part of a filthy substance, and was further adulterated in that it had been prepared under unsanitary conditions whereby it may have become contaminated with filth.

Defendants say that the information is vague, etc., because while charging acts in violation of 21 U.S.C. §§ 331(a) and 333(a) it describes them in terms of 21 U.S.C. § 342(a) (3) and (a) (4). Defendants are quite correct, and the government concedes, that the terms used are those contained in subsections (a) (3) and (a) (4) of section 342. However, this language, far from making the information vague, helps to make it more certain for these subsections amplify the description of the acts made unlawful by sections 331(a) and 333(a).

Defendants say that the statute itself is so vague, etc., that this information charging them with having violated it is void. Section 331(a), so far as it is material here, prohibits the introduction into interstate commerce of any food that is "adulterated". Section 333 (a) so far as it is material here, makes violation of section 331(a) a crime. The "adulteration" alleged to have existed in the present case is defined, as has been said above, by section 342(a) (3) and (a) (4). Thus if I determine that this section is improperly vague, etc., I must grant defendants' motion. Defendants' argument on this branch of their motion is directed only against the language of section 342(a) (4). The very point here raised by defendants has been considered in Golden Grain Macaroni Co. v. United States, 9 Cir., 209 F.2d 166, and Berger v. United States, 8 Cir., 200 F.2d 818. In both of those cases it was determined that the language of section 342(a) (4) was sufficiently specific and definite to be constitutionally valid. Defendants say that those cases have no vitality because they were decided before August 7, 1953, the effective date of certain amendments to the statute, and before the Supreme Court's decision in United States v. Cardiff, 344 U.S. 174, 73 S.Ct. 189, 97 L.Ed. 200. The amendment to which defendants refer made no changes in section 342(a) (4) and the Cardiff case had nothing to do with that section. Thus defendants' attempts to distinguish the Golden Grain and Berger cases are not sound. I accept the reasoning of Judges Collet and Healy, respectively, in those two cases and will follow their decisions.

There remains to be considered the branch of defendants' motion which asks that certain evidence be suppressed. First, this branch of the motion is directed to all of the government's evidence on the ground that the Secretary of Health, Education and Welfare failed to comply with the provisions of 21 U.S.C. § 346 requiring the promulgation of rules of tolerance. If the Secretary did fail to comply with section 346 it may be that defendants' motion has solid ground under it. See United States v. Maryland Baking Co., D.C.N.D.Ga. A.D., 81 F.Supp. 560. In any event, however, I cannot agree with defendants that there has been any failure to comply with section 346. Section 346 directs the Secretary to promulgate rules of tolerance for the purposes of the application of 21 U.S.C. § 342(a)(2). Section 342(a) (2) provides that a food shall be deemed to be adulterated when it contains any added "poisonous" or "deleterious" substance. The information here is couched, in all counts, in the language of section 342(a) (3) and (a) (4)

rather than section 342(a) (2). It will be remembered that what is involved here is "filth" as used in the first-mentioned sections, rather than "poisonous" or "deleterious" substances, as used in the latter. Proof that the rolls involved here contained poisonous or deleterious substances is no part of the government's case, see United States v. 449 Cases, etc., 2 Cir., 212 F.2d 567, and section 346 does not authorize, a fortiori does not direct, the Secretary to promulgate rules of tolerance for the presence of filth in food. Therefore defendants' contention that the Secretary failed to comply with 21 U.S.C. § 346 is without merit.

Defendants argue further that "the Food and Drug Administration failed to furnish defendants with any receipts for rolls seized allegedly in interstate commerce" and say that any evidence which the government has as a result of this seizure should be suppressed. Section 374(c) of title 21 U.S.C. requires that when any "sample" of product is obtained in the course of inspection of a factory, warehouse, etc., a receipt describing the articles obtained must be furnished. Here certain rolls were taken into possession by agents of the Food and Drug Administration in the course of an inspection of defendants' bakery and receipts for them were given. Other rolls were obtained "allegedly in interstate commerce" and receipts for them were not given. The government explains, and defendants do not deny, that this latter group of rolls was purchased by the government from independent third parties. Apparently the government simply bought these rolls from a retailer. Defendants point to nothing in the statute which requires that the government present receipts for product obtained in this way and reason militates against the proposition that receipts should be required under such circumstances.

Defendants' motion is in all respects denied.