## PEOPLE *v.* PYLE.

1. STATUTES—CONSTRUCTION—DANCE HALLS—MINORS.

    Statute which prohibited a person from permitting minors under the age of 17 to remain "in any place of amusement known as dance houses or halls" is construed according to the common and approved usage of language, there being no technical meaning or other legislative intent manifest (CLS 1956, § 8.3; CL 1948, § 750.141).

2. SAME—CONSTRUCTION.

    Statutory words and phrases are to be construed according to the common and approved usage of language in the absence of a technical meaning or other manifest legislative intent (CLS 1956, § 8.3).

3. THEATERS AND SHOWS—WORDS AND PHRASES—DANCE HALLS—MINORS—CONSTRUCTION OF STATUTES.

    The terms "dance houses" or "dance halls," as used in statute which prohibited one from permitting a minor under 17 years of age from remaining "in any place of amusement known as dance houses or halls," are commonly understood terms (CLS 1956, § 8.3; CL 1948, § 750.141).

REFERENCES FOR POINTS IN HEADNOTES

[1, 9] 52 Am Jur, Theaters, Shows, Exhibitions, and Public Resorts § 17.

Public regulation of dance halls.  48 ALR 144; 60 ALR 173.

[2] 50 Am Jur, Statutes § 238.

[3] 52 Am Jur, Theaters, Shows, Exhibitions, and Public Resorts § 2.

[4] 50 Am Jur, Statutes § 358.

[5, 11] 52 Am Jur, Theaters, Shows, Exhibitions, and Public Resorts § 79.

[6] 52 Am Jur, Theaters, Shows, Exhibitions, and Public Resorts §§ 16, 17.

[7] 50 Am Jur, Statutes § 473.

[8] 50 Am Jur, Statutes § 236.

[10] 52 Am Jur, Theaters, Shows, Exhibitions, and Public Resorts § 16.

4. STATUTES—CONSTRUCTION—INTENT.
   The legislative intent of a statute is taken from the language of the statute in its entirety.

5. CRIMINAL LAW—DANCE HALLS—MINORS.
   Defendant, president of corporation organized "to develop, establish, and operate public and private dances" which conducted dances on leased premises under defendant's management under licenses for so doing from city, was properly found guilty of violating statute which prohibited one from permitting minors under 17 from remaining on premises "known as dance houses or halls," where evidence shows he helped organize a club for children from 13 to 17 years of age which had a membership of 750 and he permitted them to use such facilities (CL 1948, § 750.141).

6. SAME—DANCE HALLS—MINORS—CONSTRUCTION OF STATUTES—REPUTATION.
   The term "known as," as used in statute which barred one from permitting minors under 17 from remaining "in any place of amusement known as dance houses or halls," refers to the type of place, guilt of the offense proscribed being conditioned on what the place actually is, not its reputation (CLS 1956, § 8.3; CL 1948, § 750.141).

7. SAME—CONSTRUCTION OF STATUTES—DESCRIPTION.
   The term "known as" does not invalidate a criminal statute, where it is used as a convenient way of describing a physical object under certain circumstances (CL 1948, § 750.141).

8. SAME—CONSTRUCTION OF STATUTES—TIME.
   A criminal statute is construed as of the time the proscribed act was committed, not as of the time when the statute was enacted.

9. SAME—DANCE HALLS—MINORS—CONSTRUCTION OF STATUTES.
   Statute which proscribed the act of permitting minors under 17 from remaining at places "of amusement known as dance houses or halls" referred to the type of place, not the type of dance whether public or private (CL 1948, § 750.141).

10. SAME—DANCE HALLS—MINORS—STATUTES.
    Statute which proscribed one from permitting minors under 17 from remaining at places "of amusement known as dance houses or halls" held, not to deny the operator of such a place the equal protection of the laws, it being a reasonable exercise of the police power by the legislature for the protection of young children against the influences of such places,

where no discrimination was shown as a matter of fact (US Const, am 14; CL 1948, § 750.141).

11. SAME—DANCE HALLS—CLUB FOR MINORS.

Defendant, operator of a dance hall, was guilty of violation of statute which proscribed one from permitting minors under 17 from remaining on such premises, where he permitted members of club who were between 13 and 17 years of age to remain on the premises, the existence of such club not affording him an escape from the statute for such conduct (CL 1948, § 750.141).

Appeal from Recorder's Court of Detroit; Krause (Paul E.), J. Submitted January 14, 1960. (Docket No. 63, Calendar No. 48,154.) Decided June 7, 1960.

Howard G. Pyle was convicted of permitting children under 17 to frequent dance hall. Affirmed.

*Paul L. Adams,* Attorney General, *Samuel J. Torina,* Solicitor General, *Samuel H. Olsen,* Prosecuting Attorney, *Samuel Brezner* and *Angelo A. Pentolino,* Assistant Prosecuting Attorneys, for the people.

*Goodman, Crockett, Eden & Robb (Ernest Goodman* and *Richard M. Goodman,* of counsel), for defendant.

DETHMERS, C. J. Defendant was convicted of violation of CL 1948, § 750.141 (Stat Ann § 28.336), which prohibits permitting minor children under the age of 17 years to remain "in any place of amusement known as dance houses or halls." He appeals here.

Defendant is lessee of premises which he has used since 1951 for dances, roller skating, public meetings, and other similar purposes. Until 1958 he held annual city licenses for the conducting of public dances there. In 1958 he and his wife organized a

corporation, of which defendant is president, having as its declared purpose "to develop, establish, and operate public and private dances." Since that time, it has conducted dances there under defendant's management and control. As such president, defendant helped organize the "Jolly Roger Club" as a private membership club for children from 13 through 17 years of age. The purpose of that club was to make the facilities of the premises available to that age group for dancing and skating at stated times when not in use by those of other ages. Membership cards were issued and dues of 50 cents per week were paid defendant. Only members were admitted at those times during the week assigned to the club. A board of directors composed of some of such members, with defendant, planned the programs. Membership totals 750. Presumably the children present at the dance at the time in question were such members. Defendant's admitting and permitting them to remain there is the basis for the charge in this case.

Defendant contends that the statute, on its face, is unconstitutional as vague and indefinite. Defendant predicates this on the language of the statute forbidding the permitting of children to remain in a place of amusement *"known as"* dance houses or halls.\* He complains of the phrase "known as" being made an essential ingredient of the offense charged. This, defendant urges, leaves the statute so vague as to what is prohibited "that men of common intelligence must necessarily guess at its meaning and differ as to its application," citing *Connally* v. *General Construction Co.,* 269 US 385, 391 (46 S Ct 126, 70 L ed 322). Defendant urges that this is fatal to validity of the statute under *United States*

---

\* Note amendment, PA 1959, No 254, not applicable to this case, which eliminates the phrase "known as" with respect to "any dance hall."

v. *Cardiff,* 344 US 174 (73 S Ct 189, 97 L ed 200).
Specifically, defendant says that the statute does
not indicate whether the place must be "known as
dance houses or halls" to the entire community, only
to those in the immediate neighborhood, to the chil-
dren who patronize it, or to defendant himself, who
operates it. He complains also that the statute fails
to clarify whether a dance conducted by a church,
school, or charitable institution would be included
in its definition. It is to be noted that the statute
contains no definition of dance, nor is its proscription
against dances or dancing or permitting children
to dance, but only permitting them to remain in a
place of amusement known as dance houses or halls.
The thrust of the statute is against children being
permitted in such places, not against their dancing.
As for the question as to whom is contemplated by
the statute to be the ones who, as defendant suggests,
must know the place in question to be a dance house
or hall, it is an idle one. The statutory phrase
"known as" applies not to the place itself but to
the type of place. Guilt is not conditioned on what
defendant's place is known to be, but entirely on
what it actually is, namely, whether it is a place
of amusement of the type that places it within the
classification of places commonly known as dance
houses or halls. This legislative intent is manifest
from the language of the statute in its entirety and
is emphasized by the statute's pluralization of the
words "houses" and "halls." CLS 1956, § 8.3 (Stat
Ann 1957 Cum Supp § 2.212), provides that statu-
tory words and phrases shall be construed and under-
stood according to the common and approved usage
of language, unless they have a technical meaning
or other legislative intent is made manifest. No
exception to the general rule seems indicated here.
The terms "dance houses" or "dance halls" are com-
monly understood. The nature of the above city

licenses and the purposes for which defendant's corporation was formed and exists and those of the teen-agers' club, as above noted, make it manifest that defendant's place is, indeed, a place of amusement of the kind commonly known as dance houses or halls. Not in point, accordingly, is *Lanzetta* v. *New Jersey,* 306 US 451 (59 S Ct 618, 83 L ed 888), in which the New Jersey statute made it a crime for a person not engaged in a lawful occupation to be "known to be" a member of a gang, as defined in the law, or *People* v. *Licavoli,* 264 Mich 643, in which the Michigan statute made proof of "recent reputation for engaging in an illegal occupation" prima facie evidence of. guilt of the crime of being so engaged. Here guilt under the statute is not founded on reputation, but on commission of a clearly defined act. It is not the reputation of the place, but its kind that is controlling. In his brief defendant says that he does not contend that the mere use of the term "known as" automatically invalidates a criminal statute, and concedes that its use may be "reasonable and harmless" when it "provides a convenient way of describing a physical object" under certain circumstances. This is such a case, the phrase being used as an aid in describing the type of place of which defendant's place of amusement is one.

Defendant speculates on whether the statute's term "known as" must be considered in the sense of what was common knowledge in 1881 when the statute was enacted or in 1958 when the offense charged occurred. When a defendant permits children below 17 to remain in a place of amusement shown to belong to that classification of places which at the time of such occurrence are known as dance houses or halls, he has committed the forbidden offense.

Defendant's expressed concern as to whether the statute applies to private as well as public dances is disposed of by our previous consideration that the

statute is not directed toward dances but toward places belonging to the classification of places known as dance houses or halls. The statute does not limit itself to instances in which a dance, either public or private, is in progress at the time. The type of place, not the kind of dance held there, is the pertinent question.

There is no merit to defendant's contention that the statute, on its face, denies equal protection of the laws* because, by its terms, it applies to places known as but not to places used as dance houses or halls. The statute does no such thing. As we have already stated, the test is not the reputation of defendant's place, but, rather, whether it actually is a place of amusement of the kind commonly known and referred to as dance halls. We concluded, above, that there is ample proof that it is a place belonging to that classification. Inasmuch as the proofs establish that it is used as such, no discrimination as a matter of fact is shown. Furthermore, a reasonable reading of the language of the statute leaves no room for it. No unreasonableness is made to appear in the legislative exercise of the police power for the protection of young children against the influences of such places.

The existence of the "Jolly Roger Club" affords defendant no escape from the statute. As we have seen, defendant's place, operated by him, is not only used as a dance hall but is, as proofs abundantly show, a place of amusement of the type commonly known as dance houses or halls. In such places, under his operation and control, he is not allowed to permit children below 17 years of age to remain. This is so, regardless of whether they are members or nonmembers of an organization, group, or club. Such membership does not exclude them from the

---

* See US Const, am 14, § 1.—REPORTER.

class described in the statute, namely, minors under 17 years of age, who are not to be permitted to remain in such place.

Affirmed.

CARR, KELLY, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.