**UNITED STATES of America**

**v.**

**FABRO, INCORPORATED, a corporation.**

**No. 2122.**

United States District Court
M. D. Georgia,
Athens Division.
May 16, 1962.

Floyd M. Buford, U. S. Dist. Atty., Sampson M. Culpepper, Asst. U. S. Atty., Macon, Ga., for plaintiff.

Arnall, Golden & Gregory, Cleburne E. Gregory, Jr., Atlanta, Ga., for defendant.

BOOTLE, District Judge.

For reasons hereinafter set forth, defendant's motion to dismiss Counts I, III, and V of the information is hereby granted.

Defendant is charged in a six count information with violations of the Federal Food, Drug and Cosmetic Act, 21 U.S.C.A. § 301 et seq. Counts I, III and V of this information charge violations of § 402(b) (1) of the Act, 21 U.S.C.A. § 342(b) (1), which provides as follows:

"A food shall be deemed to be adulterated—(b) (1) If any valuable constituent has been in whole or in part omitted or abstracted therefrom;".

The information charges that the defendant, a manufacturer of dog and cat food, violated the above statute in that it shipped into interstate commerce food which was adulterated within the meaning of the statute in that "valuable constituents"—in two counts protein, and in one count protein and fat—have been in part omitted therefrom. Defendant moved to dismiss the above enumerated counts upon the grounds that there is no definite, certain or ascertainable standard set forth in section 402(b) (1) of the Act by which it can be determined whether "a valuable constituent" has been in part omitted from the food; that the statute as applied deprives the defendant of due process of law in violation of the Fifth Amendment to the Federal Constitution as it is too vague, indefinite and uncertain to state an offense; and that the statute violates the Sixth Amendment to the Federal Constitution by failing to inform the defendant of the nature and cause of the accusation.

By 21 U.S.C.A. § 341, the Secretary of Health, Education, and Welfare is authorized to

"promulgate regulations fixing and establishing for any food, under its common or usual name so far as practicable, a reasonable definition and standard of identity, a reasonable standard of quality, and/or reasonable standards of fill of container."

No such standards of identity or quality have been promulgated by the Secretary for the purpose of determining what constitutes "valuable constituent(s)" in dog food or cat food, nor in what amounts or proportions said foods shall contain

such "valuable constituent(s)". Thus the validity of the statute as here applied must rest upon the language of the statute itself, without benefit of any standard or regulation of the Secretary.

▮ The government contends that the constitutionality of the statute as applied should not be determined on a motion to dismiss. In United States v. Petrillo, 332 U.S. 1, 5, 67 S.Ct. 1538, 91 L.Ed. 1877 (1947), the Supreme Court said:

"We have consistently refrained from passing on the constitutionality of a statute until a case involving it has reached a stage where the decision of a precise constitutional issue is a necessity."

Nevertheless, in that case the court in considering a motion to dismiss, passed upon the validity of a statute, stating that the motion to dismiss

"squarely raises the question of whether the section invoked in the indictment is void in toto, barring all further actions under it, in this, and every other case." 332 U.S. at 6, 67 S.Ct. at 1541.

The Court held further:

"Many questions of a statute's constitutionality as applied can best await the refinement of the issues by pleading, construction of the challenged statute and pleadings, and, sometimes, proof. * * * But no refinement or clarification of issues which we can reasonably anticipate would bring into better focus the question of whether the contested section is written so vaguely and indefinitely that one whose conduct it affected could only guess what it meant." 332 U.S. at 6, 67 S.Ct. at 1541.

The issue in the present case is sufficiently clear to warrant passing upon the validity of the statute in question without the necessity of the introduction of further pleadings or evidence. "[T]here is * * * [no] reasonable likelihood that the production of evidence will make the answer to the questions clearer" on the motion now before the court. Borden's Farm Products Co. v. Baldwin, 293 U.S. 194, 213, 55 S.Ct. 187, 79 L.Ed. 281 (1934). The issue now before the court is the constitutionality of section 402(b) (1) of the Federal Food, Drug and Cosmetic Act as applied in this case. The answer to that question is apparent upon the face of the statute itself.[1] A trial can give the court no better information than it now has as to whether this statute, absent any regulations promulgated by the Secretary concerning the subject-matter of the information, contains sufficiently definite standards and definition of the crime alleged to have been committed to withstand the attack now waged against it. Boyce Motor Lines v. United States, 342 U.S. 337, 345, 72 S.Ct. 329, 96 L.Ed. 367 (1952).

▮ The question of vagueness or uncertainty in both civil and criminal statutes has been considered by the courts in a multitude of cases. Out of these have arisen a series of tests or standards of construction which are to be applied in determining the constitutionality of such a statute or its application. In order for a penal statute to be valid,

"the crime, and the elements constituting it, must be so clearly expressed that the ordinary person can intelligently choose, in advance, what course it is lawful for him to pursue. Penal statutes prohibiting the doing of certain things, and providing a punishment for their violation, should not admit of such a double meaning that the citizen may act upon the one conception of its requirements and the courts upon another." Connally v. General Construction Co., 269 U.S. 385, 393, 46 S.Ct. 126, 70 L.Ed. 322 (1926). (Emphasis added).

The language of the statute should convey "sufficiently definite warning as to the proscribed conduct when measured by

1. Cf. United States v. Foster, 80 F.Supp. 479, 481 (S.D.N.Y.1948).

common understanding and practices." United States v. Petrillo, supra, 332 U.S. at 8, 67 S.Ct. at 1542.

"[It] must be sufficiently definite to give notice of the required conduct to one who would avoid its penalties, and to guide the judge in its application and the lawyer in defending one charged with its violation. But few words possess the precision of mathematical symbols, most statutes must deal with untold and unforeseen variations in factual situations, and the practical necessities of discharging the business of government inevitably limit the specificity with which legislators can spell out prohibitions. Consequently, no more than a reasonable degree of certainty can be demanded. Nor is it unfair to require that one who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line." Boyce Motor Lines v. United States, supra, 342 U.S. at 340, 72 S.Ct. at 330.

 Applying these standards of construction to section 402(b) (1) of the Federal Food, Drug and Cosmetic Act, the conclusion is inescapable that the language of the statute, unclarified by appropriate regulations of the Secretary, is too vague and indefinite to be sanctioned as a penal statute. The statute furnishes no definition of what constitutes a "valuable constituent", nor can a satisfactory definition be found in the words themselves. The word "valuable" is a relative term susceptible of many interpretations and of no definite or absolute meaning. That which is considered valuable by one court or jury might not be considered so by another. (Connally v. General Construction Co., supra, 269 U.S. at 392, 46 S.Ct. 126, 70 L.Ed. 322.) A

criminal statute should contain a definite, certain, immutable standard of guilt, and this standard should not be left to the variant views of different courts and juries. The statute should inform the accused of the nature and cause of the accusation against him. United States v. L. Cohen Grocery Co., 255 U.S. 81, 87, 41 S.Ct. 298, 65 L.Ed. 516 (1921).[2] Nor does the statute establish any standard as to what constitutes "in whole or in part" of a "valuable constituent". Assuming, arguendo, that protein is a valuable constituent within the definition of the statute, how is the defendant to determine what amount of protein it should consider as the minimum amount required by the statute? The information in Count I[3] alleges that the defendant had labeled the dog food as follows:

"Henny Pen * * * Dog Food * * * Contents 1 Pound Packed by Fabro, Inc. Athens, Ga. * * * Guaranteed Analysis Crude Protein * * * (Min.) * * * 11.00%"

and that a valuable constituent, protein, had been in part omitted therefrom. The only standard shown by the information or by the statute upon which it is based is that the dog food showed upon its label that it contained 11% protein when in fact it contained less. Thus it attempts to make the product serve as its own standard, and this the said product cannot be made to do. United States v. 88 Cases, More or Less, Etc., 187 F.2d 967, 972, 973 (3d Cir.1951).

The language of the Supreme Court in Lanzetta v. New Jersey, 306 U.S. 451, 453, 59 S.Ct. 618, 83 L.Ed. 888 (1939), quoting in part from Connally v. General Construction Co., supra, 269 U.S. at 391, 46 S.Ct. 126, 70 L.Ed. 322, is appropriate here.

"No one may be required at peril of life, liberty or property to specu-

---

2. This is particularly true in a case of this kind where it is not necessary to allege or prove guilty knowledge or intent, (United States v. Hohensee, 243 F.2d 367 (3d Cir. 1957), cert. denied 353 U.S. 976, 77 S.Ct. 1058, 1 L.Ed.2d 1136), and where statutory vagueness cannot be aided by the consideration that only those who knowingly transgress can be punished. Cf. Boyce Motor Lines v. United States, supra.

3. Counts III and V of the information contain similar allegations.

late as to the meaning of penal statutes. All are entitled to be informed as to what the State commands or forbids. * * * 'That the terms of a penal statute creating a new offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties, is a well-recognized requirement, consonant alike with ordinary notions of fair play and settled rules of law. And a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law.' "

The court is not unmindful of the holding of the court of appeals for this circuit in United States v. 36 Drums . . . Pop'n Oil, 164 F.2d 250 (5th Cir.1947), wherein the court said, at page 252 of the opinion:

"To conclude that a food for which a standard of identity has not been promulgated is exempt from the economic adulteration provisions of the Act would result in rendering inoperative all of 21 U.S.C.A. § 342(b). The Administrator is not required to promulgate definitions and standards of identity for foods under any and all conditions. Administrative selectivity in such standardization is a part of his discretion and responsibility. To permit a class of foods not so selected to escape other applicable provisions of the law would create a loophole which the Act sought to avoid."

In that case, however, the court was applying 21 U.S.C.A. § 342(b) (3) and (4), not § 342(b) (1). And this court interprets that case as holding that the Secretary is not required to promulgate standards for every class of food sought to be regulated under § 402 of the Act, provided the statute itself sets forth sufficient standards to meet the requirements of the Fifth and Sixth Amendments to the Constitution.

"The essential purpose of the 'void for vagueness' doctrine is to warn individuals of the criminal consequences of their conduct," [4] and in order for an effective warning to be conveyed, there must be a sufficient standard of conduct promulgated. The standard of the statute here under attack is "so vague and indefinite as to be really no rule or standard at all." [5] It does not give to the defendant fair warning as to what conduct on its part will subject it to criminal prosecution, (United States v. Cardiff, 344 U.S. 174, 176, 73 S.Ct. 189, 97 L.Ed. 200 (1952)), and the enforcement of it in its present form, absent any regulations promulgated by the Secretary as to the meaning of the phrases "valuable constituent" and "in whole or in part" as here applied would be a denial of due process in violation of the Fifth Amendment, and violative of the Sixth Amendment in that it does not inform the accused of the nature and cause of the accusation against him. As the Supreme Court said in United States v. Cardiff, supra:

"The vice of vagueness in criminal statutes is the treachery they conceal either in determining what persons are included or what acts are prohibited. Words which are vague and fluid * * * may be as much of a trap for the innocent as the ancient laws of Caligula." 344 U.S. at 176, 73 S.Ct. at 190.

Accordingly, the court concludes that the statute, 21 U.S.C.A. § 342(b) (1), absent any regulations promulgated by the Secretary pertaining to the subject matter involved, does not meet the requirements of the Fifth and Sixth Amendments to the Constitution. Let counsel for defendant prepare and submit an order dismissing Counts I, III and V of the information.

4. Jordan v. De George, 341 U.S. 223, 230, 71 S.Ct. 703, 95 L.Ed. 886 (1951).

5. See Champlin Refining Co. v. Corporation Comm., 286 U.S. 210, 243, 52 S. Ct. 559, 76 L.Ed. 1062 (1932).