Max Bloom, P. J.
Defendant is charged with violating sectoin 484-h of the Penal Law in that on June 22, 1964, she sold to Joseph V. Sgroi, a youth under the age of 18 years, two magazines, at a total price of $2.75, containing photographs of nude and partially nude females posed in various positions. At the close of the People’s case defendant moved to dismiss on constitutional grounds. Decision was reserved. Defendant then rested and renewed her motion.
Defendant asserts that this case is controlled by People v. The Bookcase (14 N Y 2d 409, 418). There the Court of Appeals held that the statute here in question was drawn so broadly as to render criminal all sales or other exhibition, to persons under the age of 18 years, of pictures and publications principally devoted to the forbidden subjects. This lack of specificity, the court held, abridged “ the constitutionally protected freedom of speech and of the press as well as the due process clauses ’ ’ of the first and fourteenth articles of amendment to the Federal Constitution and sections 6 and 8 of article I of the State Constitution. This determination, the defendant insists, mandates a dismissal of this proceeding.
The People, on the other hand, contend that section 484-h contains multiple prohibitions, only one of which is devoted to narrative publications. Another is devoted to pictures. These prohibitions, the District Attorney asserts, are in the disjunctive and, therefore, are wholly separable from each other. Boohcase dealt only with narrative presentation and left open for future determination that portion of the section which renders criminal the willful sale, lending, giving away, showing, advertising for sale or distribution commercially to any person under the age of 18 years of any publication ‘ ‘ which contains *112 pictures of nude or partially denuded figures, posed or presented in a manner to provoke or arouse lust or passion or to exploit sex, lust or perversion for commercial gain ”. Hence, concludes the District Attorney, Bookcase is not controlling in the situation here presented.
For reasons hereinafter set forth we have concluded that, although the statute is separable, it is unconstitutional in its application to the situation here presented.
The intention of the Legislature to treat separately with narrative and pictorial presentations is evident from the statute itself. In the narrative presentation the statute mandates a finding that the description be of “ illicit sex or sexual immorality ” or that it be “ obscene, lewd, lascivious, filthy, indecent or disgusting ’ ’. In the pictorial presentation it need only be shown that the nude or denuded figures be posed “ in a manner to provoke or arouse lust or passion or to exploit sex, lust or perversion ”. The difference in treatment makes obvious the dual intention of the Legislature. Since, under the rules of statutory construction, there is imposed upon us the duty of saving, so long as in so doing we do not pervert (People v. Mancuso, 255 N. Y. 463), we use, as our point of beginning, the premise that the statute is severable.
Although recent decisions have demonstrated the flexibility of the legal concept of obscenity, the most recent utterance of our Court of Appeals has made it clear that serious consideration must be given to “ the sophisticated values of our century ” (Larkin v. Putnam’s Sons, 14 N Y 2d 399, 403-404). The constitutional test of obscenity is bottomed upon contemporary community standards. If, by this measurement, “ the material taken as a whole appeals to prurient interest ” (Roth v. United States, 354 U. S. 476, 489), and patently offends the norm of morality prevailing in the community (Manual Enterprises v. Day, 370 U. S. 478), it is subject to proscription. Only material so lewd and immoral as to constitute “ hard-core pornography ” may be deprived of constitutional protection (People v. Richmond County News, 9 N Y 2d 578; concurring opinion of Stewart, J., in Jacobellis v. Ohio, 378 U. S. 184). Barring violation of these principles, however, the publication, no matter its coarseness or vulgarity, is entitled to the protection of the First Amendment and section 8 of article I of the State Constitution.
While the publications in question are sorely lacking in taste, their portrayal of bare-breasted and bare-buttocked females of doubtful pulchritude, in various poses, is not so violative of what the courts have held to be contemporary *113 community standards as to constitute ‘ ‘ hard-core pornography Accordingly, under current constitutional standards we cannot hold them to be obscene (Manual Enterprises v. Day, supra).
However, a holding that these publications are not obscene does not dispose of the matter. The thrust of section 484-h is greater than that of section 1141, the general obscenity statute. Section 484-h is directed to the prohibition of the sale of specified categories of pictures and publications to persons under the age of 18 years (cf. Arizona v. Locks, 94 Ariz. 134). Although State power to accomplish this objective has not yet been passed upon by the United States Supreme Court, such authority as is available indicates that State power, when tailored to meet the specific problem will be upheld (State v. Settle, 90 R. I. 195, cited with approval in Jacobellis v. Ohio, supra, p. 195, fn. 11).
Accordingly, we turn to section 484-h to ascertain whether it meets the constitutional test of specificity; whether it sets forth a comprehensible guide to the permissible and the forbidden, so that it will not serve as a trap for the unwary (United States v. Cardiff, 344 U. S. 174; United States v. Petrillo, 332 U. S. 1; People v. Caswell-Massey Co., 6 N Y 2d 497; People v. Grogan, 260 N. Y. 138). In that quest we are bound, necessarily, by the reasoning in Bookcase.
The statute proscribes “pictures of nude or partially de-nuded figures, posed or presented in a manner to provoke or arouse lust or passion ”. It would apply equally to Rembrandt’s “ Bathsheba ”, to Titian’s “Venus and the Lute Player” and “ Venus with a Mirror” to Veronese’s “Mars and Venus ” and “ United by Love ”, to Rubens’ “ Venus and Adonis ”, to Dell’ Abbate’s “ The Rape of Prosperpino ” and to Thomas Hart Benton’s “Persephone” as to the tawdry photographs in the publications in question. Again, following the reasoning in Bookcase, we are constrained to hold that a statute so broad in its potential sweep is too vague to meet the constitutional requirements of the Fourteenth Amendment and section 6 of article I of the State Constitution.
Accordingly, the motion to dismiss, made at the close of the People’s case, upon which decision was reserved, is granted, and the complaint is dismissed.
Cullen and Dunaif, JJ., concur.