David LACOUR, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–96–322 CR.

Court of Appeals of Texas,
Beaumont.

Submitted June 13, 2000.

Decided June 28, 2000.

Carl A. Parker, Port Arthur, for appellant.

Tom Maness, Criminal Dist, Atty., Rodney D. Conerly, Asst. Criminal Dist. Atty., Beaumont, for State.

Before WALKER, C.J., BURGESS and STOVER, JJ.

## OPINION ON REMAND

BURGESS, Justice.

A jury found David Lacour guilty of disorderly conduct and the court assessed a $500 fine. Lacour appealed, bringing three points of error. On original submission, this court sustained his first point[1], reversed the conviction and ordered an acquittal. *Lacour v. State*, 980 S.W.2d 525 (Tex.App.—Beaumont 1998). The Court of Criminal Appeals reversed and remanded the case for consideration of the remaining points. *Lacour v. State*, 8 S.W.3d 670 (Tex.Crim.App.2000).

A brief review of the facts. Mr. Marvin McEachern drove his family out to a portion of the Gulf Coast beach for fishing. McEachern drove down a closed section of U.S. Highway 87 and happened upon a group of 100 or more nudists on a section of the beach. McEachern had observed them there before on previous weekends and testified that he knew the nudists were going to be there that day. McEachern called the Jefferson County Sheriff's Department to lodge a complaint. Shortly thereafter two deputies met with McEachern, at which time McEachern filled out a complaint form. McEachern then proceeded back to the area where he had observed the nudists, followed by the deputies. McEachern pointed out a group of

nudists and informed the officers that all of those persons offended him. The deputies issued citations to the nudists, including Lacour.

■ Lacour's second point alleges the disorderly conduct statute[2] as applied to him violates the First and Fourteenth Amendments to the Federal Constitution and Article I, § 8 of the Texas Constitution. Initially, we note that Lacour has failed to provide any substantive analysis and argument in separate grounds with regard to his complaints pursuant to the Texas Constitution. Briefs asserting rights under the Texas Constitution are inadequate if they fail to provide separate argument and authority in support of the assertion. *Heitman v. State*, 815 S.W.2d 681, 690 n. 23 (Tex.Crim.App.1991); *Hadnot v. State*, 945 S.W.2d 278, 284 (Tex. App.—Beaumont 1997). We, therefore, narrow our scrutiny to the Federal Constitutional arguments.

■ In his original and supplemental briefs, Lacour argues that he and the other nudists were expressing the idea that "nudity per se is not obscene, and that it constitutes an expression of freedom, self-confidence and the hypocrisy of clothing." The State argues that the nudity of Lacour was merely conduct and not expressive conduct, thus not subject to any First Amendment analysis. We agree. The Supreme Court of the United States, in the recent case of *City of Erie, et al. v. Pap's A.M., tdba "Kandyland,"* —— U.S. ——, 120 S.Ct. 1382, 1391, 146 L.Ed.2d 265 (2000), reaffirmed the idea that being "in a state of nudity" is not an inherently expressive condition although "nude dancing" may be expressive conduct that falls only within the outer ambit of the First Amendment's protection. *Id.* (citing *Barnes v. Glen Theatre, Inc.*, 501 U.S. 560, 565–66, 111 S.Ct. 2456, 115 L.Ed.2d 504 (1991)(plu-

---

1. Lacour alleged the trial court erred in failing to grant his motion for an instructed verdict and in denying his motion for a new trial because the evidence was insufficient to support his conviction.

2. Tex. Pen.Code Ann. § 42.01((a)12)(Vernon Supp.2000).

rality opinion)). As we noted in our original opinion, Lacour, along with a hundred or more nudists, was naked at a remote, secluded area of the beach that could not easily be seen from adjacent property. These circumstances present merely conduct; not expressive conduct. This point is overruled.

■ Lacour's final point alleges TEX. PEN.CODE ANN. § 42.01(a)(12) (Vernon Supp.2000) is "void for vagueness" because it does not provide adequate notice of the type of conduct the statute seeks to proscribe. We disagree. The statute is quite specific. A person commits an offense if he intentionally or knowingly exposes his anus or genitals in a public place and is reckless about whether another may be present who will be offended or alarmed by his act. "Public place" means any place to which the public or a substantial group of the public has access and includes, but is not limited to, streets, highways, and the common areas of schools, hospitals, apartment houses, office buildings, transport facilities, and shops.[3] The beach area, although remote, was a public place. *See Lacour,* 8 S.W.3d at 671.

In *Bynum v. State,* the court stated:
As a fundamental proposition, all criminal laws must give notice to the populace as to what activity is made criminal so as to provide fair notice to persons before making their activity criminal. The rationale for this is obvious: crimes must be defined in advance so that individuals have fair warning of what is forbidden. As the Supreme Court has stated: a lack of notice poses a "trap for the innocent ...," *United States v. Cardiff,* 344 U.S. 174, 176, 73 S.Ct. 189, 190, 97 L.Ed. 200 (1952) and "violates the first essential of due process." *Connally v. General Construction Co.,* 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926).

In examining a criminal statute for vagueness, one should ignore engaging in a mere rhetorical critique and instead focus the examination upon a concept of fairness. In other words, initially the inquiry must be whether the ordinary, law-abiding individual would have received sufficient information that his or her conduct risked violating a criminal law. This is what the Supreme Court meant in *Grayned v. City of Rockford,* 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972), when it adopted a two part analysis:
Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory applications.
*Id.,* at 108–109, 92 S.Ct. at 2298–2299.
*Bynum v. State,* 767 S.W.2d 769, 773 (Tex. Crim.App.1989) (footnote omitted).

The statute meets both tests, it gives fair warning to the individual[4] and provides the requisite standards for proper application.[5] The statute is not "void for vagueness." This point is overruled. The judgment is AFFIRMED.

3. TEX PEN.CODE ANN. § 1.07(40)(Vernon Supp. 2000).

4. To the individual: If you are naked on a public beach, you may be arrested.

5. To law enforcement: If a naked person is on a public beach, arrest them.