Johnnie JOHNSON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14840.

Court of Criminal Appeals of Oklahoma.

Sept. 17, 1969.

Don Anderson, Public Defender, Oklahoma County, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Plaintiff in error, Johnnie Johnson, hereinafter referred to as the defendant, was charged by information in the District Court of Oklahoma County with the crime

of Carrying a Concealed Weapon, After Former Conviction of a Felony. He was tried by a jury, found guilty, and his punishment assessed at Nine Years in the penitentiary. From that judgment and sentence he has appealed to this Court, alleging "appellate consideration of evidence", and the "excessiveness of the sentence".

From the record filed herein, the facts stated briefly are as follows: Officer Gary James and his partner were cruising in the vicinity of 7th and Harrison, when they noticed the defendant staggering along the street. Upon stopping the defendant, they noticed that he had an odor of alcohol on him, that his speech was very slurred, and that his eyes were rather glassy and bloodshot looking. A fully loaded pistol was found in his right-hand pocket wrapped up in a sack. The defendant was advised of his rights and asked where he obtained the weapon. He stated that he had just bought it from a friend for ten dollars. The defendant was then taken to the Oklahoma City Jail and charged with public drunkenness and carrying a concealed weapon. The Court Clerk's office presented evidence, to-wit: a judgment and sentence of a previous felony conviction for Burglary Second Degree in 1961. The defendant did not take the stand nor did he offer any evidence in his own behalf.

Defendant's first allegation is appellate consideration of the evidence. Title 21 O.S.1961, § 1283, provides:

"*It shall be unlawful for any person having previously been convicted of any felony* in any court of a state or the United States to carry on his person, or in any vehicle which he is operating, or in which he is riding as a passenger, any pistol, imitation or homemade pistol, machine gun, sawed-off shotgun or rifle, or any other dangerous or deadly firearm which could be as easily concealed on the person, in personal effects or in an automobile, as a sawed-off shotgun." (Emphasis ours.)

Section § 1284, provides the punishment as follows:

"Any person who violates any provision of this act shall be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment in the state penitentiary not less than one year nor more than ten years."

This Court can find no error in the evidence. It was certainly more than sufficient to support the verdict of the jury. This Court stated in West v. State, Okl.Cr., 433 P.2d 850:

Where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom since it is the exclusive province of the jury to weigh the evidence and determine the facts.

In the instant case, there was no conflict in testimony, and we conclude the evidence was properly presented, and find no merit to this allegation.

As to defendant's second allegation of error, that the sentence is excessive, it is apparent that the jury did not give defendant the maximum time permitted by statute. We do not find this sentence shocking to the conscience, and therefore, not excessive.

The judgment and sentence from the District Court of Oklahoma County, Case No. 33854, is affirmed.

BRETT, P. J., and BUSSEY, J., concur.