**Randy L. GRAY, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. M–78–162.**

Court of Criminal Appeals of Oklahoma.

Oct. 5, 1979.

James W. Fransein, Fransein & Levinson, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., Timothy S. Frets, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Randy L. Gray, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Tulsa County, Case No. CRM–77–1800, of the offense of Unlawful Sale of Alcoholic Beverages, in violation of 37 O.S.1971, § 505. His punishment was fixed at a Three Hundred Dollar ($300.00) fine, and from said judgment and sentence a timely appeal has been perfected to this Court.

In a nonjury trial, defendant stipulated to the prima facie elements of the offense after his motion to dismiss was denied. The basis of this appeal is testimony received at the hearing on the motion to dismiss. Defendant called various witnesses who testified in essence that there were certain "exclusive" clubs in Tulsa which had never been prosecuted for Unlawful Sale of Alcoholic Beverages. Agents of the Alcoholic Beverage Control Board and Tulsa police officers testified that those clubs had been investigated but that the agents had been unable to observe violations. They each denied the employment of selective enforcement techniques.

Defendant asserts as his first assignment of error that the Oklahoma open saloon prohibition—37 O.S.1971, § 538(h), and Art. XXVII, § 4, of the Oklahoma Constitution—is unconstitutionally vague, indefinite and uncertain. Defendant makes two contentions in this regard. First, he asserts that the statute does not definitely and succinctly refer to the constitutional substantive law. Second, he contends that the open saloon prohibition merely bans the existence of an open saloon, thereby punishing unexecuted criminal intent without requiring any overt act manifesting criminal intent.

Title 37 O.S.1971, § 538(h), provides in relevant part as follows:

"Any person who shall violate the open saloon prohibition as defined by Article XXVII of the Oklahoma Constitution shall be guilty of a misdemeanor . . ."

The open saloon prohibition as defined in Article XXVII is found in Section 4 thereof, which is entitled "Prohibition of open saloon—Retail sales by package stores—Restrictions" and provides in the first two paragraphs as follows:

"The open saloon, for the sale of alcoholic beverage as commonly known prior to the adoption of the Eighteenth Article of Amendment to the Constitution of the United States of America, is hereby prohibited.

"The words 'open saloon' shall mean: "Any place, public or private, wherein alcoholic beverage is sold or offered for sale, by the drink; or, sold, offered for sale, or kept for sale, for consumption on the premises."

■ The essence of the defendant's contention that the statute does not properly refer to the substantive constitutional law is that Section 4 is one of 11 sections in Article XXVII but is not referred to by section number in 37 O.S.1971, § 538(h), and that the first two paragraphs of Section 4 constitute separate and differing definitions of the prohibited open saloon. However, we reject both purported bases for the defendant's contention. Although there are 11 sections in Article XXVII, only Section 4 sets out substantive law relating to an open saloon. This is clear from even the most cursory perusal of the section titles. Additionally, we reject the defendant's characterization of the relevant paragraphs of Section 4 as separate and differing definitions of "open saloon." Clearly, the first paragraph constitutes a prohibition, while the second paragraph is the definition of an open saloon. These paragraphs must be read conjunctively and not out of context. The meaning is clear and the language is unambiguous. *Harrell v. State*, Okl.Cr., 359 P.2d 610 (1961). Therefore, we reject the defendant's contention that 37 O.S.1971, § 538(h) does not definitely and succinctly refer to the constitutional substantive law in Article XXVII, § 4, of the Oklahoma Constitution.

■ The defendant's second contention under his first assignment of error is that the open saloon prohibition does not penalize an overt act. The defendant urges that Article XXVII, § 4, fails to specify with sufficient particularity those acts which will result in criminal sanctions and merely prohibits the existence of an open saloon as defined. The result, according to the defendant, is that mere criminal intent is punished in the absence of any act manifesting unlawful intent. We find no merit in this contention. It is clear that a place does not become a prohibited open saloon nor does a violation of the statute occur unless and until liquor is sold or offered for sale by the drink or sold, offered for sale or kept for sale for consumption on the premises. The overt act or acts contemplated by this statute and for which criminal sanctions will be imposed are clear, definite and certain. The physical act of sale of liquor by the drink is clearly within the statutory proscription. This Court has previously found that a prosecution under the open saloon prohibition may only proceed upon a showing of certain definite overt acts. The State was required to show, in the context of these cases, that the accused was the (1) owner or operator of a place where (2) intoxicating liquor was sold or offered for sale by the drink, or (3) kept for sale for consumption on the premises. *Constabile v. State*, Okl.Cr., 513 P.2d 588 (1973); *Brannin v. State*, Okl.Cr., 375 P.2d 276 (1962). The open saloon prohibition clearly does not penalize mere unexecuted criminal intent separate and apart from overt acts.

■ We must reject the defendant's first assignment of error. In so doing, we reaffirm the view of Article XXVII, § 4, of the Oklahoma Constitution expressed by this Court in *Harrell v. State*, supra, at 615:

"The legislature is to be commended upon the simplicity of language used in creating the above law. The law is stated

with brevity and with such simple clarity that legal training is not necessary to construe or interpret its meaning. The intent is without question or ambiguity. The legislature and the people undoubtedly intended to bar and preclude the sale of liquor by the drink whether in private or public, by any person, partnership, corporation or association."

Fair and effective notice is afforded in terms sufficiently explicit and concise of the nature of the act prohibited. *United States v. Cardiff*, 344 U.S. 174, 73 S.Ct. 189, 97 L.Ed. 200 (1952).

For his second assignment of error, defendant contends that the open saloon prohibition bears no reasonable relation to the public health, welfare, safety or morals. Therefore, he alleges, the open saloon prohibition is not a valid exercise of the state police power and so violates the Fourteenth Amendment to the United States Constitution. We are constrained to reject this contention.

The State necessarily possesses broad police power to regulate and supervise all phases of the liquor industry to protect the public health, safety, welfare and morals. *State v. Parham*, Okl., 412 P.2d 142 (1966); *Marcus v. State*, Okl., 411 P.2d 539 (1966); *Okl. Alcoholic, etc. v. Heublein Wines, Intern.*, Okl., 566 P.2d 1158 (1977); and, *Ziffrin v. Reeves*, 308 U.S. 132, 60 S.Ct. 163, 84 L.Ed. 128 (1939). This traditional broad police power of the State with regard to the liquor traffic is augmented by the Twenty-First Amendment to the United States Constitution. *Okl. Alcoholic, etc. v. Heublein Wines, Intern.*, supra; *California v. LaRue*, 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972); *Berry v. Arapahoe & Shoshone Tribes*, 420 F.Supp. 934 (D.Wyo.1976); and *Wright v. Town of Huxley*, Iowa, 249 N.W.2d 672 (1977). Under its police power the State may completely ban liquor traffic in the state or it may permit liquor traffic under certain definitely prescribed conditions. *Ziffrin v. Reeves*, supra; *Marcus v. State*, supra; *Glocker v. Michigan Liquor Control Commission*, 160 F.2d 96 (6th Cir. 1947). In reviewing legislative enactments under the police power, this Court will disregard all matters relating to wisdom or policy and refrain from declaring the enactment void unless it clearly appears that it bears no real nor substantial relation to the police power or the means adopted for effecting the object are manifestly unreasonable. *Doyle v. State*, Okl.Cr., 511 P.2d 1133 (1973); *Skinner v. State*, 189 Okl. 235, 115 P.2d 123 (1941); *Couch v. State*, 71 Okl.Cr. 223, 110 P.2d 613 (1941); *Marcus v. State*, supra.

The Oklahoma Constitution provides that the Legislature shall enact laws strictly regulating and controlling the sale of alcoholic beverages and that in all events, retail sale of alcoholic beverages shall be by package stores in the sealed package. Article XXVII, §§ 3 and 4. Pursuant to the constitutional mandate, the Oklahoma Legislature has provided that the consumer may make retail purchases of liquor in the state only from a licensed package store, which may sell liquor only in the original package and retail container for consumption off the premises only. Title 37 O.S.1971, §§ 538(d), 538(c), 537(a), ¶ (5), 537(b), 518(a), ¶ (8), 521(g), 534(b). These provisions reflect a basic determination by the Legislature that the public health, safety, welfare, temperance and morals require that the retail sale of alcoholic beverages be strictly limited in the manner prescribed by law and that consumption may not occur at the place of retail purchase. The determination of what is dangerous or injurious to the public health, morals, or safety is for the Legislature. *Couch v. State*, supra; *McCord v. State*, 2 Okl.Cr. 214, 101 P. 280 (1909). The Legislature must be accorded broad discretion in exercising the police power and in regulating the liquor traffic. *Ziffrin v. Reeves*, supra; *Skinner v. State*, supra; *State v. Parham*, supra. We are unable to hold that the open saloon prohibition clearly bears no real nor substantial relation to the police power, or is manifestly unreasonable as a means to a legitimate end. The open saloon prohibition acts to penalize the sale of liquor to the consumer in violation of the retailing plan prescribed

by the Legislature, that is, not in the retail package store, nor in compliance with license restrictions. It further operates to discourage the consumption of liquor at the place of retail purchase—liquor sold by the drink is in a form specifically designed for immediate consumption on the premises. We therefore find this assignment of error also to be without merit.

■ The defendant contends in his third assignment of error that the Oklahoma Alcoholic Beverage Control Act, 37 O.S.1971, § 501, et seq., does not comply with Art. V, § 57, of the Oklahoma Constitution, which provides, "Every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title, . . ." The defendant argues that the subject matter of Laws 1959, p. 141, ch. 1 (codified as amended in 37 O.S.1971, § 538), is not specifically embraced in the title of the Act, which states as follows:

"AN ACT relating to alcoholic beverages; repealing 37 O.S.1951, Sections 1 through 7 and 9 through 131, as amended; providing for the licensing and control of the manufacture, storage, sale, transportation, importation, exportation, distribution and use of alcoholic beverages; establishing the Oklahoma Alcoholic Beverage Control Board, prescribing its powers and duties; providing for the taxation of such beverages and establishing licensing fees for trafficking therein; allocating revenues derived therefrom, and defining violations of the Act and prescribing penalties therefor; fixing effective date of Act; providing for severability; and declaring an emergency."

We find this assignment of error to be without merit. The title of the Act contemplates the "control" of "alcoholic beverages" and is broad enough to include the prohibition against liquor by the drink. The title of the Act embraces but one subject, alcoholic beverages, which includes the licensing and control of the manufacture, storage, sale, distribution and use thereof. We have previously held that the term "subject" as set forth in Art. V, § 57, is to be given a broad and extensive meaning so

as to allow the Legislature full scope to include in any single act, all matters having a logical or natural connection thereto. *Shaw v. State*, 76 Okl.Cr. 271, 134 P.2d 999, 138 P.2d 136 (1943), and *Nelson v. State*, Okl.Cr., 288 P.2d 429 (1955). The language in the title is both clear and concise and is in no manner deceptive or confusing as to the subject matter contained therein. *Associated Industries v. Industrial Welfare Com'n*, 185 Okl. 177, 90 P.2d 899 (1939).

■ In his fourth assignment of error the defendant asserts that the open saloon prohibition is unconstitutional as applied to him because it is enforced in an arbitrary, discriminatory and capricious manner. To establish his assertion, it is clear that the defendant must show that any alleged discrimination in enforcement is intentional and purposeful. *Sunday Lake Iron Co. v. Wakefield*, 247 U.S. 350, 38 S.Ct. 495, 62 L.Ed. 1154 (1918); *Mackay Teleg. & Cable Co. v. Little Rock*, 250 U.S. 94, 39 S.Ct. 428, 63 L.Ed. 863 (1919); *Glicker v. Michigan Liquor Control Comm.*, supra; *Snowden v. Hughes*, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497 (1944), *rehearing denied*, 321 U.S. 804, 64 S.Ct. 778, 88 L.Ed. 1090 (1944). The evidence produced at the hearing on the defendant's motion to dismiss does not support a claim of intentional, purposeful discrimination in enforcement. Evidence was adduced at the hearing that no arrests or convictions had been made in certain exclusive Tulsa area clubs for an undetermined period of years. Tulsa police and Alcoholic Beverage Control Board investigators are sometimes hampered in investigating certain exclusive clubs by lack of funds to purchase club memberships. Clubs are assigned to ABC agents for investigation at random from alphabetical lists. No clubs, exclusive or otherwise, are excluded from the alphabetical lists. Several of the specified exclusive clubs had been investigated personally by witnesses at the hearing, but no violations were observed. The only deviation from random assignment of investigation targets is to follow up specific complaints or to avoid clubs recently investigated by other agencies. No witness was aware of any instance of failure by investi-

gators or prosecutors to act upon observed violations. All the ABC witnesses denied that selective enforcement was practiced. The defendant would find selective enforcement involving intentional and purposeful discrimination in the failure of the State to provide funds to be used to purchase memberships in exclusive clubs. We reject this contention. There is evidence in the record that money might not be the only requirement for memberships. Further, the fact that law enforcement resources are limited, shaping the enforcement effort to an extent, does not taint the enforcement effort with intentional and purposeful discrimination upon a showing, as here, that the effort is conceived and executed to use all available resources to sweep uniformly and across the board. This assignment of error is also without merit.

In his fifth and final assignment of error, the defendant asserts the punishment imposed under 37 O.S.1971, § 538(h)—a Three Hundred ($300.00) Dollar fine—is excessive and extreme. We note that the fine is within the range of punishment prescribed by the statute—fine not to exceed $500.00 or imprisonment in county jail not to exceed six months or both—and within the circumstances of this case, is not shocking to the conscience. *Johnson v. State,* Okl.Cr., 461 P.2d 973 (1969). Therefore, we reject the defendant's assignment of error in this regard.

The judgment and sentence is *AFFIRMED.*

CORNISH, P. J., concurs.

BRETT, J., concurs in results.