The Attorney General has considered your request for an opinion wherein you ask the following question: "Is an Oklahoma Winemaker's license as set out in Title 37 O.S. 506 [37-506](31) (1971) and Title 37 O.S. 518 [37-518](a)(4) (1971) constitutional in light of Article XXVII, Section 4 of the Oklahoma Constitution?" Title 37 O.S. 506 [37-506](31) (1971) provides as follows: "(31) 'Oklahoma winemaker' means a business premise in Oklahoma licensed pursuant to this Act wherein wine is produced by the licensee who must be a resident of the State. The wine product fermented in said licensed premises shall be of grapes, berries and other fruits and vegetables imported into this State and processed herein or shall be of grapes, berries and other fruits and vegetables grown in Oklahoma. "A manufacturer licensed under this Subsection shall be privileged to sell to consumers at the winery in lots not to exceed four and seven-eighths (4 7/8) gallons, and to sell to duly licensed wholesalers or duly licensed retail dealers in lots of five (5) gallons or more." Pursuant to Article XXVII, Section 4 which states in part, "Retail sales of alcoholic beverage shall be limited to the original sealed package, by privately owned and operated package stores, . . .", Title 37 O.S. 506 [37-506](31) (1971) is clearly unconstitutional in that it purports to allow retail sales of alcoholic beverages by manufacturers of wine to consumers. Article XXVII, Section 4 specifically authorizes only privately owned package stores to make retail sales of alcoholic beverages. Gray v. State, Okl.Cr., 601 P.2d 117 (1979). This provision does not in clude manufacturers as an entity able to make retail sales to consumers. Furthermore, Article XXVII, Section 3 of the Oklahoma Constitution states in part: ". . . Provided, that any manufacturers, or subsidiary of any manufacturer who markets his product solely through a subsidiary or subsidiaries, a distiller, rectifier, bottler, winemaker, brewer or importer of alcoholic beverage, bottled or made in a foreign country, either within or without this state, shall be required to sell such brands or kinds of alcoholic beverages to every licensed wholesale distributor who desires to purchase the same, on the same price basis and without discrimination, and shall further be required to sell such beverages only to those distributors licensed as wholesale distributors, and all laws passed by the Legislature under the authority of the Article shall be consistent with this provision." (Emphasis added) In view of the above provisions of the Oklahoma Constitution, Article XXVII, Section 3, it is clear that sales of alcoholic beverages by manufacturers and winemakers may only be made to "those distributors licensed as wholesale distributors." Hence, 37 O.S. 506 [37-506](31) (1971) is further unconstitutional in that it purports to allow the sale of wine to "licensed retail dealers." Therefore, it is the official opinion of the Attorney General that your questions be answered as follows: Title 37 O.S. 506 [37-506](31) (1971) is unconstitutional according to Article XXVII, Section 3 and Article XXVII, Section 4 of the Oklahoma Constitution insofar as it allows sales of alcoholic beverages to consumers and retail licensees. Title 37 O.S. 506 [37-506](31) (1971) is constitutional insofar as it shows sales of alcoholic beverages to wholesale dealers in accordance with ArticleXXVII, Section 3 of the Oklahoma Constitution. (DUANE N. RASMUSSEN) (ksg)