DER DUTCHMAN RESTAURANT AND CLUB, Glen S. Adair, Julie Lynne Hecksher and Richard H. Hecksher, Appellants,

v.

The STATE of Oklahoma, Appellee.

No. M–80–413.

Court of Criminal Appeals of Oklahoma.

April 6, 1982.

Rehearing Denied Nov. 22, 1982.

Robert A. Jackson, Jackson, Hall & Zorn, Oklahoma City, for appellants.

Jan Eric Cartwright, Atty. Gen., David W. Lee, Susan Talbot, Asst. Attys. Gen., Oklahoma City, for appellee.

## MEMORANDUM OPINION

BRETT, Presiding Judge:

The appellants, Der Dutchman Restaurant and Club, Glen S. Adair, Julie Lynn Hecksher and Richard H. Hecksher were tried for the offense of Operating an Open Saloon in violation of 37 O.S.1971, § 538(h) in the District Court of Oklahoma County, Case No. CRM–80–722. The jury returned a verdict of guilty. The Der Dutchman Restaurant was ordered to pay a fine of five-hundred dollars ($500.00). The other appellants were fined one dollar ($1.00) each.

Case law in Oklahoma is clear that in order for the State to establish a violation

of Article 27, § 4 of the Oklahoma Constitution, the punishment for which is delineated in Title 37, O.S.1971, § 538, it must first prove: "(1) that the accused is the owner or operator of any place where intoxicating liquor is (2) sold or offered for sale by the drink and (3) kept for sale for consumption on the premises." *Gray v. State,* 601 P.2d 117 (Okl.Cr.1979); *Brannin v. State,* 375 P.2d 276 (Okl.Cr.1962).

■ It is alleged in the first proposition of error that because the State failed to establish the nature of the business entity of Der Dutchman Restaurant and Club, the first element necessary to show a prima facie case was not proved. No showing was ever made whether Der Dutchman Restaurant and Club was a sole proprietorship, partnership or a privately or publicly held corporation. A stipulation was made by both parties at trial that Jerry Adair is the owner. However, Jerry Adair was not charged in the information.

We agree with the appellant that because of this defect, the State failed to establish the first element necessary to make a prima facie case, that Der Dutchman Restaurant is an entity capable of ownership. Because of this failure by the State, the trial court should have sustained the demurrer to the evidence offered by Der Dutchman Restaurant and Club.

■ The evidence presented against the remaining three appellants was sufficient for conviction. The trial judge considered at trial a stipulation that appellant Glen S. Adair was the manager of the Der Dutchman Restaurant and Club. We therefore find he was an "operator" for purposes of proving a prima facie case. Cf. *Blacketer v. State,* 485 P.2d 1069 (Okl.Cr.1971).

■ Further, with regard to appellant Richard Hecksher, a bartender of the restaurant and Julie Hecksher, a waitress at the restaurant, we find that they aided and abetted in the commission of the offense and as such were principals within the meaning of 21 O.S.1971, § 172 which provides:

All persons concerned in the commission of crime, whether it be felony or misdemeanor, and whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present, are principals.

See also, *Hisaw v. State,* 603 P.2d 1167 (Okl.Cr.1979).

Therefore, the judgments and sentences of appellants Richard Hecksher, Julie Hecksher and Glen S. Adair are accordingly affirmed. The judgment and sentence of Der Dutchman Restaurant is reversed.

CORNISH, J., concurs.

BUSSEY, J., concurs in part and dissents in part.

BUSSEY, Judge, concurring in part and dissenting in part:

While I agree that the judgments and sentences of Richard Hecksher, Julie Hecksher and Glen S. Adair should be affirmed, I must respectfully disagree with the reversal of the conviction of Der Dutchman Restaurant. In my opinion, the stipulation that Der Dutchman was owned by Jerry Adair obviated the necessity of the State's showing that Der Dutchman was a business entity capable of ownership. It is implicit in a stipulation that one is the owner of a business that the business is capable of ownership. I would affirm the judgment and sentence against Der Dutchman.