**Patricia Ann HALE, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–87–951.**

Court of Criminal Appeals of Oklahoma.

Nov. 15, 1988.

Richard D. Laquer, Jeff Hatfield, Oklahoma City, for appellant.

Robert H. Henry, Atty. Gen., Sandra D. Howard, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

BUSSEY, Judge:

Appellant, Patricia Ann Hale, was convicted in the District Court of Oklahoma County, Case No. CRF–86–6221, of Possession of a Controlled Dangerous Substance, Dihydromorphinone; Possession of a Controlled Dangerous Substance, Oxycodone; Possession of a Controlled Dangerous Substance, Diazepam; Possession of a Controlled Dangerous Substance, Phenmetrazine; and two counts of Possession of a Weapon While Committing a Felony. She was sentenced to imprisonment for five (5) years, four (4) years, six (6) months, six (6) months, two (2) years, and five (5) years, respectively. From her judgments and sentences, she brings this appeal.

■ A recitation of facts is unnecessary to resolution of this appeal. In her first assignment, appellant challenges the constitutionality of 21 O.S.Supp.1987, § 1287. Appellant claims that because the caption of § 1287 reads, "Use of firearm or other offensive weapon while committing or attempting to commit a felony—Penalties," and the body of the statute punishes mere possession, it violates the Oklahoma Constitution. Appellant has misconstrued the language of the Constitution. Article V, § 57 provides in part, "Every *act of the Legislature* shall embrace but one subject, which shall be clearly expressed in its title...." (Emphasis added.) The title of the "act of the Legislature" at issue here may be found at 1982 Okla.Sess.Laws, ch. 173:

AN ACT RELATING TO CRIMES AND PUNISHMENTS; *AMENDING 21 O.S. 1981, SECTIONS 645, 801 AND 1287, WHICH RELATE TO FIREARMS VIOLATION;* RAISING MAXIMUM SENTENCE FOR ASSAULT AND BATTERY; ESTABLISHING MANDATORY MINIMUM SENTENCE FOLLOWING THREE ARMED ROBBERY CONVICTIONS; *MODIFYING CERTAIN FELONIES INVOLVING OFFENSIVE WEAPON;* REPEALING CONFLICTING LAWS; AND DECLARING AN EMERGENCY.

**1362**

(Emphasis added.) The body of the act has a logical or natural connection to its title, and the language in the title is both clear and concise and is in no manner deceptive or confusing as to the subject matter contained therein. *Gray v. State*, 601 P.2d 117, 122 (Okla.Crim.App.1979). The act accomplished precisely what was described in its title, and this assignment must fail.

In her third assignment, appellant seeks reversal due to the prosecutor's use of prior arrests to impeach her testimony during cross-examination. In response to questions asked by the prosecutor, appellant testified that she had assisted the Oklahoma Bureau of Narcotics as an informant, and had done so because she wanted "to help get some of the drugs off the streets." The State urges that these statements opened the door to examine her concerning arrests, to show that her work as an informant was motivated by something more than altruism.

While this Court has permitted prosecutors to enter the area of prior arrests in limited situations, *see, e.g., Fite v. State*, 526 P.2d 956 (Okla.Crim.App.1974), this is not such a situation. The arrests were not related to the charges in this case. Some of them dated back thirty years and involved forged instruments. None of the arrests resulted in criminal prosecution, much less conviction. The area was not opened by defense counsel during direct examination, but by questions from the prosecutor himself. The prosecutor used leading and compound questions, leaving appellant's answers unclear whether she denied having been arrested or denied having avoided prosecution by cooperating with authorities. The State offered no evidence that the arrests had occurred or that any prosecutions were terminated as a result of appellant's cooperation. The jury was left with nothing more than damaging innuendo, resulting in immeasurable prejudice to appellant. Even if the door had been opened, the manner of presenting evidence to the jury did not make the interrogation and presentation effective for the ascertainment of the truth. 12 O.S.1981, § 2611. The errors were preserved by repeated objections, all of which were overruled. The State's evidence was not overwhelming, and we cannot say that the errors were harmless.

Finding merit in appellant's third assignment, we need not address her second and fourth assignments. The case is REVERSED and REMANDED for a new trial.

BRETT, P.J., concurs.

PARKS, J., concurs in results.